**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: AMANEIRO, EDUARDO | § | Case No.  04-11992-JHS |
| | § | |
| | § | |
| Debtor(s) | § | |

**NOTICE OF AMENDED TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
DAVID P. LEIBOWITZ_____ , trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:

219 S. Dearborn
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or
to the Final Report, must file a written objection within  21 days from the mailing of this notice,
serve a copy of the objections upon the trustee, any party whose application is being challenged
and the United States Trustee.  A hearing on the fee applications and any objection to the Final
Report will be held at 10:00am on 06/07/2010 in Courtroom 680, United States Courthouse,
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL  60604 .
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:  05/05/2010_____     By:  /s/DAVID P. LEIBOWITZ_____
                                                                Trustee

DAVID P. LEIBOWITZ
420 W. Clayton Street
Waukegan, IL  60085-4216
(847) 249-9100
trustee@lakelaw.com

**UST Form 101-7-NFR (9/1/2009)**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: AMANEIRO, EDUARDO                                    §        Case No.  04-11992-JHS
                                                           §
                                                           §
                                                           §
Debtor(s)                                                  §

**SUMMARY OF AMENDED TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of*                    $_____380,397.72

*and approved disbursements of*                         $_____369,993.44

*leaving a balance on hand of* [1]                      $_____10,404.28

Claims of secured creditors will be paid as follows:

*Claimant*                                                    *Proposed Payment*
                        N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | | $_____ | $_____ |
| Attorney for trustee | LEIBOWITZ LAW CENTER | $____3,000.00 | $_____ |
| Appraiser | | $_____ | $_____ |
| Auctioneer | | $_____ | $_____ |
| Accountant | | $_____ | $_____ |
| Special Attorney for trustee | | $_____ | $_____ |
| Charges, | U.S. Bankruptcy Court | $_____ | $_____ |
| Fees, | United States Trustee | $_____ | $_____ |
| Other | | $_____ | $_____ |
| Attorney for trustee | LEIBOWITZ LAW CENTER | $____6,046.00 | $____104.80 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 73,302.60 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 1.7 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|

**UST Form 101-7-NFR (9/1/2009)**

| | | | |
|---|---|---|---|
| 2 | Discover Bank | $ 6,134.23 | $ 104.90 |
| 3 | eCAST Settlement Corporation, assignee of | $ 1,900.71 | $ 32.50 |
| 4 | SMC | $ 569.28 | $ 9.73 |
| 5 | American Express Centurion Bank Becket and Lee LLP | $ 1,136.24 | $ 19.43 |
| 6 | Chase Bank, USA, NA | $ 3,203.60 | $ 54.78 |
| 8 | Recovery Management Systems Corporation For GE Money Bank | $ 109.16 | $ 1.87 |
| 9 | Recovery Management Systems Corporation For GE Money Bank | $ 389.38 | $ 6.66 |
| 10 | Cross Country Bank | $ 2,596.41 | $ 44.40 |
| 7-A | COMMUNITY BANK OF RAVENSWOOD | $ 57,263.59 | $ 979.21 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | N/A | |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | N/A | |

**UST Form 101-7-NFR (9/1/2009)**

       The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

Prepared By:    <u>/s/DAVID P. LEIBOWITZ               </u>

                                                       Trustee

DAVID P. LEIBOWITZ
420 W. Clayton Street
Waukegan, IL  60085-4216
(847) 249-9100
trustee@lakelaw.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (9/1/2009)**